**EPSTEIN DRANGEL LLP**
Danielle S. Futterman (*pro hac vice*)
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, New York 10165
Telephone: 212-292-5390
Facsimile: 212-292-5391

Peter J. Farnese (SBN 251204)
pfarnese@ipcounselors.com
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: 310-356-4668
Facsimile: 310-388-1232

Attorneys for Plaintiff,
AirDoctor, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRDOCTOR, LLC, a Delaware Limited Liability Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOMEBURG LIMITED, HOMEBURG INC. and REPLACEMENT-PARTS,<br><br>　　　　Defendants. | CASE NO. 2:23-cv-00352-DMG-JPR<br><br>**NOTICE OF RELATED CASES [L.R. 83-1.3]**<br><br><br>Complaint Filed: January 18, 2023 |

Pursuant to Local Rule 83-1.3, Plaintiff AirDoctor, LLC ("Plaintiff" or "AirDoctor") hereby provides notice of the following related cases:

**Related Case statement by Plaintiff AirDoctor**

- *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.,* Case No. 2:22-cv-05784-GW-AS.

The *Xiamen Qichuang* action was filed on August 15, 2022 and alleges that defendant engaged in false and deceptive advertising of filters that defendants claim are "HEPA"-grade and "fit" / are "compatible with" Plaintiff's AirDoctor brand air purifiers, when they are not. Plaintiff alleges violations of the Lanham Act (15. U.S.C. §1125(a)); the California Unfair Competition Law ("UCL")(Cal. Bus. & Prof. Code, §17200, et seq.); and the California False Advertising Law ("FAL")(Cal. Bus. & Prof. Code §17500, et seq.) A true and correct copy of the *Xiamen Qichuang* complaint is attached hereto as **Exhibit 1**.

In accordance with the directives of the Honorable Jean P. Rosenbluth at a telephonic conference held on September 26, 2023, the parties submit that the *Xiamen Qichuang* action is related to this matter because the actions: "(b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." Civil L.R. 83-1.3.1(b)-(c). Both actions involve the respective defendants' false advertising of replacement filters for Plaintiff's AirDoctor brand air purifiers, primarily on Amazon.com. Specifically, both matters challenge similar advertising claims, albeit for differently branded air filters marketed by different companies (i.e., claims that defendants' filters are "HEPA"-grade; are "replacements" for genuine AirDoctor Filters; "fit" Plaintiff's AirDoctor air purifiers; and provide equivalent performance to Plaintiff's genuine AirDoctor UltraHEPA filters). *Compare* Dkt. No. 1 *with* Ex. 1. Last, both actions assert the same causes of action, namely: 1) violations of the Lanham Act; 2) violations of the UCL; and 3) violations of the FAL. *Compare* Dkt. No. 1 *with* Ex. 1. Thus, under Local Rule 83-1.3, both actions involve "substantially related or similar questions of law

and fact" and will likely involve the "duplication of labor if heard by different judges."

Plaintiff further notes that two of the cases cited to by Defendant below have been terminated: *AirDoctor, LLC v. Shenzhen Dayou Innovation Technology Co., Ltd., et al*, Case No 22-cv-0400 and *AirDoctor, LLC v. Durabasics*, Case No. 22-cv-04007. Notably the remaining cases identified by Defendant below have not been assigned to Judge Wu.

**Related Case statement by Defendant Homeburg, Inc.**

In addition to the case identified by Plaintiff, Defendant Homeburg, Inc. identified the following six (6) cases ("Six Cases"):

AirDoctor, LLC v. Shenzhen Dayou Innovation Technology Co. Ltd, et al, 2:22-cv-04000
AirDoctor, LLC v. Durabasics, 2:22-cv-04007
AirDoctor, LLC v. Lonni, Inc. et al, 2:23-cv-00353
AirDoctor, LLC v. Shenzhen Puhua Technology Co. Ltd. et al, 2:23-cv-00354
AirDoctor, LLC v. Xin Rui Cross-Border E-Commerce Service et al. 2:23-cv-00379
AirDoctor, LLC v. Xiamen MenheiKeJiYouXianGongSi et al, 2:23-cv-02091

These cases are related at least for the reason, per L.R.83-1.3.1(b), that they call for determination of the same or substantially related or similar questions of law and fact, as briefly explained below:

In the instant case:

Plaintiff alleged that its AD3000 filters meet or exceed the HEPA standard, which is commonly known as the ability to filter out 99.97% of particles larger than 0.3 microns. Plaintiff accused Defendant Homeburg, Inc.'s AD3000 replacement filters (having sku number PPHP1107, sold under a PUREBURG brand) for failing to meet the HEPA filtration efficacy standard stated above.

Plaintiff alleged that Defendant's false and misleading acts of selling the replacement filters "diverted sales of Plaintiff's genuine AirDoctor UltraHEPA Filters

from Plaintiff" (¶42 in the Complaint) and has claimed lost profit (computed from lost sales) against Homeburg, Inc.

In the Six Cases:

Plaintiff alleged that its AD3000 filters meet or exceed the HEPA standard, which is commonly known as the ability to filter out 99.97% of particles larger than 0.3 microns. Plaintiff accused the Six Cases' defendants to have offered/sold AD3000 replacement filters that failed to meet the HEPA filtration efficacy standard stated above.

Plaintiff alleged that the defendants in the Six Cases committed false and misleading acts by offering/selling their replacement filters and "diverted sales of Plaintiff's genuine AirDoctor UltraHEPA Filters from Plaintiff" and has claimed lost profit (computed from lost sales) against defendants in the Six Cases.

The paragraph numbers in the respective complaints for the allegations of "diverted sales" away from Plaintiff's own AD3000 filters are shown below:

¶46: AirDoctor, LLC v. Shenzhen Dayou Innovation Technology Co. Ltd, 2:22-cv-04000
¶44: AirDoctor, LLC v. Durabasics, 2:22-cv-04007
¶44: AirDoctor, LLC v. Lonni, Inc. et al, 2:23-cv-00353
¶43: AirDoctor, LLC v. Shenzhen Puhua Technology Co. Ltd. et al, 2:23-cv-00354
¶43: AirDoctor, LLC v. Xin Rui Cross-Border E-Commerce Service et al, 2:23-cv-00379
¶43: AirDoctor, LLC v. Xiamen MenheiKeJiYouXianGongSi et al, 2:23-cv-02091

As such, the Six Cases' determinations of Plaintiff's sales (and consequently, profit) that <u>it could have made but for the diversion</u> by the defendants are substantially related, in laws and facts, to the damages computation Plaintiff must engage to meet the reasonable certainty criteria, despite the allegedly wrongful products sold by the defendants in the Six Cases may be different.

| | |
|---|---|
| | Respectfully submitted, |
| DATED: September 28, 2023 | EPSTEIN DRANGEL LLP |
| | By: *s/ Peter J. Farnese* |
| |     Peter J. Farnese |
| | Attorneys for Plaintiff |
| | |
| | By: /s/Jen-Feng Lee |
| |     Jen-Feng (Jeff) Lee |
| | Counsel for Defendant Homeburg, Inc. |
| | **LT PACIFIC LAW GROUP, LLP** |
| | 17800 Castleton Street, #560 |
| | City of Industry, CA 91748 |
| | T: 626-810-7200 |
| | Jen-Feng Lee |
| | E: jflee@ltpacificlaw.com |
| | Kenneth Tanji, Jr. |
| | E: ktanji@ltpacificlaw.com |