UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | CV 23-00352-GW (AS) | Date | December 8, 2023 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Homeburg Limited et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | CS 12/08/23 |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorney Present for Defendant: |
| Danielle S. Futterman | | Jen-Feng Lee |
| Peter J. Farnese | | |
| Ashly E. Sands | | |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO COMPEL DOCUMENT PRODUCTION (DKT. NO. 43) AND CONDITIONALLY GRANTING EX PARTE APPLICATION TO COMPEL DEPOSITION OF PLAINTIFF'S MOST KNOWLEDGABLE PERSON (DKT NO. 48)

On November 14, 2023, Defendant filed a motion to compel document production which was set for hearing on December 7, 2023. (Dkt. No. 43). On November 15, 2023, the Court issued an Order to Show Cause ("OSC") regarding Plaintiff's failure to comply with the joint stipulation filing procedure in accordance with Local Rule 37. (Dkt. No. 44). Plaintiff responded to the OSC on November 17, 2023. (Dkt. No. 45).

On December 4, 2023, Defendant filed an *ex parte* application to compel the deposition of Plaintiff's most knowledgeable person. (Dkt. No. 48). On December 5, 2023, Plaintiff filed its opposition to the e*x parte* application. (Dkt. No. 49).

A telephonic hearing was held on December 7, 2023. The Court has reviewed the parties' submissions and heard argument from counsel. For the reasons stated at the hearing and below, the Court issues the following ruling:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-00352-GW (AS) | Date | December 8, 2023 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Homeburg Limited et al.* | | |

**1. Motion to Compel Document Production (Dkt. No. 43)**

On November 3, 2023, Defendant emailed Plaintiff its portion of the joint stipulation on the motion to compel Defendant to produce a settlement agreement responsive to one of its discovery requests. (Dkt. No. 43-7, Exhibit F). The email requested that Plaintiff return its portion of the joint stipulation with declarations and exhibits within 7 days in accordance with LR 37-2.2 (Id.). Plaintiff did not submit its portion of the joint stipulation to Defendant which necessitated the filing of the motion without Plaintiff's participation. (Id., Lee Decl., ¶¶ 17-18). At the hearing, Plaintiff initially contended that it did not receive the joint stipulation and that Defendant had failed to meet and confer prior to submitting its portion of the motion to compel. However, the record indicates otherwise. Defendant emailed its portion of the joint stipulation to Defendant on November 3, 2023, (Dkt. No. 43-7, Exhibit F; Dkt. No. 45-1, Futterman Decl., ¶ 10), and Plaintiff admitted at the hearing that it had received the joint stipulation. The parties engaged in a meet and confer on November 1, 2023 regarding Defendant's request for production of the settlement agreement *prior* to receiving Defendant's portion of the joint stipulation. Defendant's email to Plaintiff on November 1, 2023, summarized the parties' discovery conference, including that Plaintiff had a couple of confidential settlement agreements responsive to Defendant's requests for production, but refused to produce them on the ground of confidentiality and indicated that it [Plaintiff] "would not produce such documents unless [Defendant] file[d] a motion to compel." (Dkt. No. 43-4, Exhibit C). Plaintiff admitted that the discovery conference took place on November 1, 2023. (Dkt. No. 45-1; Futterman Decl. ¶ 8).

Following the settlement conference that was held on November 2, 2023, Defendant inquired whether Plaintiff would agree to raise the parties' dispute regarding production of the settlement agreement to the Court through a joint request for an informal discovery conference. (Dkt. No. 43-5, Exhibit D). Plaintiff did not respond to this request. (Dkt. No. 43-1; Lee Decl., ¶ 13)

Thus, it is clear to the Court that the parties met and conferred and that, pursuant to the Local Rules, Plaintiff had seven days to submit its portion of the joint stipulation after Defendant gave notice and provided its portion of the joint stipulation on the motion to compel and Plaintiff did not do. (L.R. 37-2.2). Given the discovery cut-off date of December 8, 2023, the Court finds that Defendant was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-00352-GW (AS) | Date | December 8, 2023 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Homeburg Limited et al.* | | |

entitled to and appropriately filed the motion to compel on November 14, 2023, in order to have the motion heard prior to the discovery deadline.

Plaintiff claims that it was justified in failing to submit its portion of the Joint Stipulation because it informed Defendant that it was attempting to obtain permission to disclose the confidential settlement agreement and believed that, upon production, the motion to compel would be moot. However, Plaintiff does not appear to have conveyed to Defendant its intention to produce the settlement agreement at issue on a date certain and, in fact, only produced a draft copy of a redacted settlement agreement *after* the motion was filed. (Dkt. Nos.45-1; Futterman Decl., ¶ 17; 45-5; Exh. D). Plaintiff then requested a meet and confer regarding Defendant's objections to the redacted settlement agreement. (Dkt. Nos.45-1; Futterman Decl., ¶ 18; 45-5; Exh. D). These arguments are unavailing. Plaintiff could have disclosed its intent to produce the settlement agreement, its attempts to secure the authorization it believed necessary to do so, and its belief that the motion to compel would be moot in its portion of the joint stipulation, but chose instead, to not respond.

The Motion to Compel Document Production is now moot because Plaintiff gave Defendant an unredacted version of the settlement agreement at issue on December 4, 2023. The Court took Defendant's request for attorney's fees under F.R.C.P. Rule 37(a)(5)(A) under submission at the hearing, but having now considered the timeline of the parties' communications and Plaintiff's unjustified failure to comply with the LR 37 joint stipulation procedure for discovery disputes, and its finding that Defendant was required to file the motion to compel in order to raise this issue before the December 8, 2023 discovery deadline, the Court GRANTS Defendant's request for attorney's fees. The parties are ordered to meet and confer regarding Defendant's request for reasonable fees incurred in preparing the motion and Plaintiff is ordered to pay such fees no later than fourteen (14) days from the date of this Order. If the parties are unable to reach an agreement regarding the requested fees, Defendant must submit a declaration setting forth the time and fees incurred in preparing the motion no later than twenty-one (21) days from the date of this order.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-00352-GW (AS) | Date | December 8, 2023 |
|---|---|---|---|
| Title | *AirDoctor, LLC v. Homeburg Limited et al.* | | |

**2.** ***Ex Parte* Application to Compel Deposition of Plaintiff's Most Knowledgeable Person (Dkt. No. 48)**

Defendant's *ex parte* application to compel the deposition of Plaintiff's most knowledgeable person ("PMK") contends that Plaintiff did not produce the PMK who was prepared to testify to some of the topics in the subpoena request during the PMK deposition held on December 1, 2023. (Dkt. No. 48). Accordingly, Defendant seeks a second PMK deposition in order to obtain testimony regarding these topics. (Id.). Defendant filed the *ex parte* request due to the approaching discovery deadline. Id. In its opposition to Defendant's *ex parte* application, Plaintiff stated that it is willing to produce two further PMK witnesses, but cannot do so until January 2024. (Dkt. No. 50). Plaintiff also seeks to limit any further deposition testimony from the PMK witnesses to a total of 80 minutes, providing Defendant with 40 minutes for each of the two witnesses it will produce. (Id.). However, Plaintiff's offer to produce the witnesses in January 2024 is predicated on the Court granting Plaintiff's *ex parte* application for an extension of the discovery cutoff date to March 8, 2024. (See Dkt. No. 51). Defendant opposes the three-month extension sought by Plaintiff, (Dkt. No. 57), and the application is currently pending before Judge Wu.

The Court finds that, because Plaintiff's PMK witness was not prepared, or was unable, to testify to certain subpoena topics, Defendant's *ex parte* motion to compel further deposition of Plaintiff's PMK witness is well taken and is **GRANTED, but conditioned on the District Judge's ruling on the pending request for an extension of the discovery deadline.** In granting this motion, the Court is not limiting the duration of any PMK deposition to 80 minutes. Counsel is directed to address the necessary topics with these witnesses wtihin a reasonable time frame.

Should the parties be afforded additional time to conduct discovery, the Court encourages the parties to utilize the Court's informal discovery dispute resolution process to bring any further discovery disputes to the Court's attention. (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

|  |  | 0 | : | 27 |
|---|---|---|---|---|
|  | Initials of Preparer | AF | | |